UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,          )<br>                                                             )<br>             Plaintiff,                           )<br>                                                             )<br>      v.                                               )<br>                                                             )<br>1855.6 POUNDS OF AMERICAN   )<br>PADDLEFISH MEAT                      )<br>(ASSET IDENTIFICATION            )<br>NUMBER: 17-FWS-000019) and )<br>982.34 POUNDS OF                        )<br>AMERICAN PADDLEFISH CAVIAR )<br>(ASSET IDENTIFICATION            )<br>NUMBER: 17-FWS-000017)         )<br>                                                             )<br>             Defendant.                         )  | Cause No. 4:18-CV-207 |

## COMPLAINT OF FORFEITURE IN REM

The United States of America, by counsel, Josh J. Minkler, United States Attorney for the Southern District of Indiana, and Nicholas J. Linder, Assistant United States Attorney, alleges on information and belief as follows:

## NATURE OF THE ACTION

1. This is a civil action seeking forfeiture of certain property pursuant to 16 U.S.C. § 3374(a) ("the Lacey Act") because the defendant property constitutes fish that has been imported, exported, transported, sold, received, acquired, or purchased in violation of any law, treaty, or regulation of the United States contrary to the provisions of the Lacey Act, 16 U.S.C. §§ 3372(a)(2)(A); 3373(d)(1), as well as vehicles and equipment used to facilitate such violations of the Lacey Act.

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1345 (district courts have original jurisdiction of all civil actions commenced by the United States) and § 1355 (district courts have original jurisdiction of any action for forfeiture).

3. This Court has in rem jurisdiction over the defendant property pursuant to 28 U.S.C. § 1355(b) (forfeiture action can be brought in the district in which any of the acts giving rise to the forfeiture occurred), and Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (clerk must issue a warrant to arrest property in the government's possession).

4. This Court is the appropriate venue in this matter pursuant to 28 U.S.C. § 1395(a) and (b), in that the forfeiture accrued in the Southern District of Indiana, and the defendant property is now, and during the pendency of this action will be, found within the Southern District of Indiana.

**DEFENDANT**

5. The Defendant property is: 1855.6 pounds of American Paddlefish meat (Asset Identification Number: 17-FWS-000019); 982.34 pounds of American Paddlefish caviar (Asset Identification Number: 17-FWS-000017). The Defendant property was seized on May 10, 2017 in a search of 1927 East Shelton Road, English, IN 47118.

**FACTS**

6. In December of 2014, based on reoccurring complaints, the United States Fish and Wildlife Services ("USFWS"), Indiana Department of Natural Resources ("IDNR"), and various state wildlife agencies throughout Illinois and Ohio launched an investigation into commercial fishing practices along the Ohio and Wabash rivers. The investigation focused on

commercial fishermen harvesting two types of roe bearing fish, the American Paddlefish and the Shovelnose Sturgeon. During this investigation, Joseph Schigur's commercial American Paddlefish operation, Ohio Valley Caviar, LLC, came under increased scrutiny for potential violations of state commercial fishing regulations.

7. The American Paddlefish is a freshwater fish well-known for its eggs ("roe"). It resides primarily in the Mississippi River system, including the Ohio River. American Paddlefish roe is harvested from female fish, processed, and marketed as caviar. The global decline in freshwater caviar has led to increased demand for the fish and provided higher profit for fishermen—up to $800 to $1,000 per fish. While American Paddlefish were previously plentiful, the Midwest population has dwindled due to overfishing. To counter population decline, there are several state and federal regulations designed to protect the American Paddlefish.

8. Joseph Schigur is an Indiana resident and American Paddlefish fisherman. Schigur processes, packages, and sells American Paddlefish meat and caviar under the business name, Ohio Valley Caviar, LLC.

9. Schigur's personal residence is located at 1927 East Shelton Road, English, IN 47118.

10. Ohio Valley Caviar, LLC's fish processing facility is also located at 1927 East Shelton Road, English, IN 47118. The facility is regulated by the U.S. FDA and is commonly referred to as a Hazard Analysis Critical Control Point ("HACCP").

11. On April 26, 2016, in the Eastern District of Kentucky, Schigur pled guilty to a Lacey Act, 16 U.S.C. § 3373(d)(2), misdemeanor violation that occurred on December 31, 2012 involving the taking, possessing, or transporting of American Paddlefish meat and eggs in

violation of Kentucky state law. *See United States of America v. Schigur*, Cause No. 3:16-CR-00002-REW, E.D. KY.

12. In the spring of 2015, an IDNR Conservation Officer ("CO") obtained a job as Schigur's fishing assistant to investigate Ohio Valley Caviar, LLC's practices. The CO remained undercover in this position through February 2016.

13. On December 4, 2015, Schigur, his assistant Gary Nale, and the CO fished on the Ohio River using Schigur's 2014 24-Foot Aluminum Oquawka Boat. They began fishing in Kentucky waters, but Schigur soon navigated the boat into Ohio waters using a Hummingbird GPS affixed to the boat.

14. In Ohio waters, Schigur instructed Nale and the CO to use a gill net to catch fish as they appeared on the GPS scanner. After several throws of the net, they yielded a total of 30 American Paddlefish. Schigur kept 21 American Paddlefish, 7 of which were roe-bearing females, in a live well on the boat and released the rest.

15. Jurisdiction of the Ohio River is split between several states, such as Indiana, Kentucky, and Ohio. Thus, an Ohio commercial fishing license may be required to fish in the Ohio River depending on the location. Currently, Indiana residents cannot legally fish in Ohio waters because there is no "reciprocal agreement" that permits Indiana residents to obtain Ohio commercial fishing licenses.

16. Ohio regulates the use of commercial fishing equipment—including gill nets, which are explicitly prohibited. Ohio Rev. Stat. § 1533.41. A gill net is defined as "a single section of fabric or netting seamed to a float line at the top and a lead line at the bottom, which is designed to entangle fish in the net openings as they swim into it." Ohio Rev. Stat. § 1531.01.

17.     After reaching a boat ramp in Kentucky, Schigur loaded the boat full of live American Paddlefish onto his 2014 Oquawka Boat Trailer and transported it using the 2006 Silver Ford F-350 Super Duty Pickup Truck to the HACCP in English, IN for processing and storage.

18.     On February 5, 2016, Schigur, Nale, and the CO entered the waters via a boat ramp in Kentucky and using the GPS as a guide, drove the boat into Ohio waters.  There, they used the gill net to catch 23 American Paddlefish, 3 of which were roe-bearing females.

19.     On February 10, 2016, Schigur, Nale, and the CO again used the boat ramp in Kentucky to enter the Ohio River.  They began their day in Ohio territory and used gill nets to catch a total of 52 American Paddlefish, 8 of which were roe-bearing females.

20.     On February 10, 2016, when the 54 American Paddlefish were combined and processed at the HAACP, the fish meat alone amassed a weight over 600 pounds.

21.     During the investigation, the undercover IDNR CO learned that Schigur was planning to ship the American Paddlefish caviar to New York Fish Company in Brooklyn, New York but needed assistance with refrigerated transportation.  To further investigate, other IDNR COs posed as commercial drivers and took the refrigerated transportation job.

22.     On November 12, 2015, the commercial driver COs delivered 502 pounds of American Paddlefish meat and 13.07 pounds of American Paddlefish caviar to New York Fish Company.  No payment was tendered.

23.     On January 14, 2016, the COs delivered another 4,093 pounds of American Paddlefish meat to the New York Fish Company.  Again, no payment was tendered.

24.     During that same delivery, the COs also drove to a business named Royal Seafood, which is also in Brooklyn, New York.  There, a caviar buyer bought the remaining

201.91 pounds of American Paddlefish caviar in their truck and paid the COs $5,000 in cash and $26,232.75 in a check from Royal Seafood.

25. In the following months, the COs made four more deliveries—totaling 18,063 pounds of meat and 22.6 pounds of caviar—to New York Fish Company. The COs also made three more deliveries—totaling 395.84 pounds of caviar—to Royal Seafood. No payment was tendered by New York Fish Company, but the COs received a total of $13,000 in cash and $37,508.71 in four checks from Royal Seafood.

26. On May 4, 2017, based on the information gathered in the investigation, an USFWS agent applied for search and seizure warrants for Schigur's personal residence and the Ohio Valley Caviar, LLC HACCP. The USFWS agent also applied for seizure warrants for the 2014 24-Foot Aluminum Oquawka Boat, 2014 Oquawka Boat Trailer, and 2006 Silver Ford F-350 Super Duty Pickup Truck.

27. On May 4, 2017, the United States District Court for the Southern District of Indiana granted the search and seizure warrants based on a determination of probable cause.

28. On May 10, 2017, USFWS agents executed the search and seizure warrants at 1927 East Shelton Road, English, IN 47118 and took the Defendant property into custody.

29. The Defendant property remains in federal custody and is being stored at the Indiana Natural Resources Division at Camp Atterbury, 6248 South County Road 325 East, Edinburgh, Indiana 46124.

30. On June 22, 2018, the National Oceanic and Atmospheric Administration ("NOAA") conducted an inspection of the defendant American Paddlefish meat and caviar. The NOAA inspector confirmed that the product was Grade A, and therefore safe for resale and human consumption.



The defendant American Paddlefish meat and caviar at the Camp Atterbury frozen storage facility



A sample of the defendant American Paddlefish meat at the NOAA inspection on June 22, 2018



A sample of the defendant American Paddlefish caviar at the NOAA inspection on June 22, 2018

## PERTINENT STATUTES

31.     Under 16 U.S.C. § 3372(a)(2)(A), it is unlawful for any person to import, export, transport, sell, receive, acquire, or purchase any fish taken, possessed, transported, or sold in violation of any law, treaty, or regulation of the United States.

32.     Under 16 U.S.C. § 3373(d)(1), there are criminal penalties for knowingly engaging in conduct that involves the sale or purchase of, the offer of sale or purchase of, or the intent to sell or purchase fish with a market value in excess of $350, knowing that the fish were

taken, possessed, transported, or sold in violation of, or in a manner unlawful, under any underlying law, treaty, or regulation of the United States.

33. Under 16 U.S.C. § 3374(a)(1), all fish imported, exported, transported, sold, received, acquired, or purchased in violation of the Lacey Act, shall be subject to forfeiture to the United States.

34. Under 16 U.S.C. § 3374(a)(2), all vehicles and other equipment used to aid the importing, exporting, transporting, selling, receiving, acquiring, or purchasing of fish in a criminal violation of the Lacey Act shall be subject to forfeiture to the United States if the owner of such vehicle or equipment was, at the time of the alleged illegal act, a consenting party or privy thereto or in the exercise of due care should have known that such vessel or equipment would be used in a criminal violation.

## **PRAYER FOR RELIEF**

Based on the factual allegations set forth above, there is probable cause to believe that the Defendant property is "fish . . . imported, exported, transported, sold, received, acquired, or purchased contrary to the provisions of [the Lacey Act, §§ 3372(a)(2)(A); 3373(d)(1),]" and/ or "vehicles . . . and other equipment used to aid in the importing, exporting, transporting, selling, receiving, acquiring, or purchasing of fish or wildlife or plants in a criminal violation of [the Lacey Act, §§ 3372(a)(2)(A); 3373(d)(1),]" and is therefore subject to forfeiture to the United States of America pursuant to Title 16, United States Code, Section 3374(a).

WHEREFORE, the United States of America prays that the Clerk of the Court issue a warrant for the arrest of the defendant property pursuant to Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment

be entered declaring the defendant property be forfeited to the United States for disposition according to law; and the United States be granted any relief this Court may deem just and proper.

        Respectfully submitted,

        JOSH J. MINKLER
        United States Attorney

By:    *s/ Nicholas Linder*
        Nicholas Linder
        Assistant United States Attorney
        Office of the United States Attorney
        10 W. Market St., Suite 2100
        Indianapolis, Indiana 46204-3048
        Telephone: (317) 226-6333
        Fax: (317) 226-5027

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| | ☐ 340 Marine | | | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/Accommodations / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
  **(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
  **(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553   Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br> )<br>    Plaintiff, )<br> )<br>    v. )<br> )<br>1855.6 POUNDS OF AMERICAN )<br>PADDLEFISH MEAT )<br>(ASSET IDENTIFICATION )<br>NUMBER: 17-FWS-000019) and )<br>982.34 POUNDS OF )<br>AMERICAN PADDLEFISH CAVIAR )<br>(ASSET IDENTIFICATION )<br>NUMBER: 17-FWS-000017) )<br> )<br>    Defendant. ) | Cause No.  4:18-CV-207 |

## **WARRANT FOR ARREST OF PROPERTY**

TO:   ANY OFFICER OR EMPLOYEE OF THE UNITED STATES

WHEREAS a Complaint for Forfeiture In Rem has been filed in this Court on the 9th day of November, 2018, by Josh J. Minkler, United States Attorney for the Southern District of Indiana, against 1855.6 POUNDS OF AMERICAN PADDLEFISH MEAT (Asset Identification Number: 17-FWS-000019) and 982.34 POUNDS OF AMERICAN PADDLEFISH CAVIAR (Asset Identification Number: 17-FWS-000017) ("paddlefish meat and caviar"), defendant herein, for reasons and causes set forth in the Complaint;

YOU ARE HEREBY COMMANDED to take custody of and to deliver the defendant paddlefish meat and caviar into the possession of the United States Marshal Service, to be detained in the possession of the United States Marshal Service until further order of this Court, and you will make return thereon not later than ten (10) days after execution of process.

Dated: _____          _____
                                                                                  Laura A. Briggs, Clerk
                                                                                  United States District Court
                                                                                  Southern District of Indiana

Arrest Warrant to be issued by the Clerk pursuant to
Rule G(3)(b)(i) of the Supplemental Rules for
Admiralty or Maritime Claims and Asset Forfeiture Actions,
for property in custody of the United States.